```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
ARMANDO COTORREAL PEÑA,

                              Plaintiff,

       -against-                                              24 Civ. 4666 (AT)

EL MACO RESTAURANT CORP. (D/B/A EL MACO),                     **ORDER**
CRISMERY ESPINO, and JOSE MANUEL THEN,

                              Defendants.
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _10/25/2024__
```

ANALISA TORRES, District Judge:

       Plaintiff, Armando Cotorreal Peña, brought this action against Defendants, El Maco Restaurant Corp., Crismery Espino, and Jose Manuel Then, alleging that Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the New York Labor Law §§ 190 *et seq.*, by failing to pay minimum and overtime wages and violating certain recordkeeping requirements. *See generally* ECF No. 1. On October 16, 2024, Plaintiff informed the Court that he accepted Defendants' offer of judgment, pursuant to Federal Rule of Civil Procedure 68, in the amount of $52,000, inclusive of attorney's fees and costs. ECF Nos. 24, 24-1.

       The FLSA was enacted "to correct and as rapidly as practicable to eliminate" certain "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202. Significantly, "[r]ecognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees." *Lynn's Food Stores, Inc. v. United States ex rel. U.S. Dep't of Lab.*, 679 F.2d 1350, 1352 (11th Cir. 1982) (citing *Brooklyn Savs. Bank v. O'Neil*, 324 U.S. 697, 706–07 (1945)).

       In accordance with the FLSA's mandatory provisions and Second Circuit caselaw, an employer cannot settle claims of unfair wages without approval of the settlement from the United States Department of Labor or a district court. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015); *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Consequently, after parties to an FLSA suit reach a settlement, they must satisfy the district court that the settlement is "fair and reasonable" before the court will enter judgment. *Persaud v. D & H Ladies Apparel LLC*, No. 16 Civ. 5994, 2017 WL 1944154, at *1 (S.D.N.Y. May 8, 2017) (citation omitted). In *Mei Xing Yu v. Hasaki Restaurant, Inc.*, however, a divided Second Circuit panel announced that "judicial approval is not required of Rule 68(a) offers of judgment settling FLSA claims." 944 F.3d 395, 414 (2d Cir. 2019). When, as here, a plaintiff accepts a defendant's offer of judgment, a district court may not conduct its typical fairness review but must simply direct the Clerk of Court to enter judgment. *See Dellamedaglia v. Zemak LLC*, No. 20 Civ. 6753, 2021 WL 260023, at *1 (S.D.N.Y. Jan. 25, 2021).

As judges within this Circuit have observed, the Second Circuit's holding in *Mei Xing Yu* "threatens to dramatically curtail the purpose behind the *Cheeks* decision—to protect workers' wages." *Miranda v. Grace Farms, Inc.*, Nos. 16 Civ. 1369 & 16 Civ. 7704, 2024 WL 36798, at *2 (S.D.N.Y. Jan. 3, 2024); *see also De Jesus Torres v. HWF Realty Mgmt., Inc.*, No. 18 Civ. 994, 2020 WL 995861, at *2 (S.D.N.Y. Mar. 2, 2020) (opining that *Mei Xing Yu* "will create a real potential for abuse"). This Court, which regularly declines to approve one-sided *Cheeks* settlements, shares this concern and fears for the fate of the many cash-strapped, low-income workers who, presented with the opportunity to recoup any amount of money, might accept an unfair offer of judgment.

The Court is not in a position to address the reasonableness of this settlement, as the parties have not provided any of the documentary evidence that would typically accompany a *Cheeks* motion. Unfortunately, the Second Circuit has taken the matter out of this Court's hands.

Accordingly, the Clerk of Court is respectfully directed to enter judgment consistent with ECF No. 27.

SO ORDERED.

Dated: October 25, 2024
      New York, New York

_____
ANALISA TORRES
United States District Judge